## WILLIAMS et al. v. HALL.

1. An equitable petition to enjoin a county treasurer from paying out, and another person from receiving money, can not, by amendment, be converted into an action against the former's successor in office, and the latter, for the recovery of money actually paid out by the one to the other.

2. The amendment in the present case having been improperly allowed, and there being, without the same, nothing to try, the trial and its results were nugatory.

Argued February 12, — Decided March 25, 1898.

Equitable petition. Before Judge Kimsey. Lumpkin superior court. April term, 1897.

*Price & Charters, R. H. Baker* and *Boyd & Lilly*, for plaintiffs in error. *H. H. Dean*, contra.

LUMPKIN, P. J.   Certain citizens and taxpayers of Lumpkin county brought an equitable petition against F. M. Williams, the ordinary, and B. F. Anderson, the treasurer, of that county, to enjoin the former from receiving and the latter from paying $454.50 which Williams claimed was lawfully due to him for extra services rendered as ordinary.   Before the petition had been served, however, the payment sought to be enjoined had already been made by E. F. Jackson, who was the successor in office of Anderson as treasurer.   At the trial, Jackson was, over his objection, made a party defendant to the petition, and the plaintiffs then offered an amendment which, in effect, converted their action into one against Williams and Jackson for the recovery of the money which the latter had, as alleged, unlawfully paid to the former.   Williams and Jackson objected to this amendment, on the ground that it set up an entirely new and distinct cause of action.   In their original petition, the plaintiffs alleged that Williams, as ordinary, had unlawfully assessed a tax for the purpose of raising money to pay his illegal demand, and prayed "that said tax, when collected, be decreed to be and belong to your petitioners, and used for legitimate purposes, or else returned to your petitioners."   In their amendment they prayed "that they have judgment and decree against all of said defendants, and that they be compelled and required, within . . . . . . . days, to return said money to the county treasury, and that said money be adjudged to be and belong to said petitioners and other taxpayers of said county, and this said money be and remain in said county treasury to be used for the legitimate debts of said Lumpkin county."   The case was, by consent, tried by the

judge without a jury, and he rendered a judgment finding that the payment by Jackson to Williams of $396.00 of the amount mentioned in the petition was unauthorized by law, and that Williams be required, within forty days, to return the sum specified to the county treasury of Lumpkin county.

1. The court erred in not sustaining Jackson's objection to being made a party, and in allowing the amendment to the plaintiffs' petition. An action to restrain the payment of money by an official is an entirely different proceeding from an action to recover money already paid out by his successor in office. We therefore hold that the amendment set forth a new cause of action, and was not germane to that declared upon in the original petition.

2. As, without the amendment, there was nothing to try, and as it, for the reasons above stated, was improperly allowed, all subsequent proceedings in the case were nugatory, and the judgment rendered by the court had no legal foundation whatever to rest upon.

*Judgment reversed.    All concurring, except Cobb, J., absent.*